# No. 11-55806

IN THE
## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

———————

**ZINA BUTLER,**
*Plaintiff—Appellant,*

*v.*

**NATIONAL COMMUNITY RENAISSANCE OF CALIFORNIA, AKA
National Community Renaissance Corp.,**
*Defendant*, and
**HOUSING AUTHORITY OF THE COUNTY OF LOS ANGELES et al**.,
*Defendants—Appellees.*

———————

APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA
MARGRET M. MORROW, DISTRICT JUDGE • CASE NO. CV-09-00761-MMM-E

———————

## APPELLANT'S REPLY BRIEF

———————

**HORVITZ & LEVY** LLP
JEREMY B. ROSEN (COUNSEL OF RECORD)
15760 VENTURA BOULEVARD, 18TH FLOOR
ENCINO, CALIFORNIA  91436-3000
(818) 995-0800 • FAX: (818) 995-3157

**PEPPERDINE UNIVERSITY SCHOOL OF LAW
NINTH CIRCUIT APPELLATE
ADVOCACY CLINIC**
ANDREW WILHELM (CERTIFIED LAW STUDENT)
ASHLEY COOK (CERTIFIED LAW STUDENT)
24255 PACIFIC COAST HIGHWAY
MALIBU, CALIFORNIA  90263

PRO BONO ATTORNEYS FOR APPELLANT
**ZINA BUTLER**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...................................................................iv

INTRODUCTION ........................................................................1

LEGAL ARGUMENT ...................................................................2

I.   THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROPERLY APPLY CALIFORNIA'S EQUITABLE TOLLING RULES .....................................................2

   A.   The district court improperly resolved the equitable tolling issue on the pleadings without making a full inquiry regarding each factor ..................................2

   B.   Ms. Butler satisfies the three elements of California equitable tolling ...................................................6

      1.   Ms. Butler provided timely notice of her claims to each defendant ...............................................6

      2.   Defendants cannot show any prejudice to being named in the amended complaints ...............................7

      3.   Ms. Butler has acted in good faith in pursuing her meritorious claims........................................8

II.  MS. BUTLER SUFFICIENTLY NAMED HACOLA, D'ERRICO, THE CITY, AND BARRAZA IN THE ORIGINAL COMPLAINT ........................................................9

   A.   Ms. Butler intended to sue HACoLA, D'Errico, the City, and Barraza in the original complaint ...................9

   B.   Ms. Butler referred to the defendants by misnomers in the body of the original complaint .......................13

III.  FED. R. CIV. P. 15(C) GOVERNS THE RELATION BACK OF § 1983 CLAIMS IN LIGHT OF CONGRESS' 1991 AMENDMENTS TO THE RULE.................................... 15

    A.  The 1991 amendments provide plaintiffs with the more favorable standard—whether federal or state—in § 1983 claims................................................................. 15

    B.  *Merritt* and *Cabrales* are not controlling............................. 16

IV.  CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 473 GOVERNS THE RELATION BACK OF MS. BUTLER'S COMPLAINTS BECAUSE SHE WAS CORRECTING MISNOMERS, NOT ADDING PARTIES ...................................... 18

V.  MS. BUTLER SATISFIED THE FOUR ELEMENTS OF FEDERAL RELATION BACK UNDER THE FEDERAL STANDARD IN FED. R. CIV. P. 15(C)(1)(C) ............................... 21

    A.  The district court erred in finding Ms. Butler did not meet the third element ......................................... 21

        1.  Ms. Butler made a mistake.......................................... 21

        2.  HACoLA, D'Errico, the City, and Barraza knew or should have known Ms. Butler intended to sue them................................................................ 22

    B.  Because Rule 15(c) applies, the Rule 4(m) period for service is tolled ............................................... 24

        1.  No case supports defendants ....................................... 24

        2.  Ms. Butler showed diligence in her efforts to notify defendants .................................................... 26

        3.  With proper tolling, Ms. Butler's Fourth Amended Complaint is timely...................................... 27

CONCLUSION ......................................................... 28

CERTIFICATION OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS, AND TYPE STYLE REQUIREMENTS [FED R. APP. P. 32(A)(7)(C)]............. 29

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Cabrales v. County of Los Angeles*,
  864 F.2d 1454 (9th Cir. 1988)........................................................ 16, 17

*Canifax v. Hercules Powder Co.*,
  237 Cal. App. 2d 44 (1965).................................................................. 20

*Cervantes v. City of San Diego*,
  5 F.3d 1273 (9th Cir. 1993)....................................................... 2, 3, 4, 5

*Chavez v. Mallamo*,
  No. C08-04145 WHA, 2009 WL 462748 (N.D. Cal. Feb. 23, 2009) .... 17

*Collier v. City of Pasadena*,
  142 Cal. App. 3d 917 (1983).......................................................... 6, 7, 8

*Daviton v. Columbia/HCA Healthcare Corp.*,
  241 F.3d 1131 (9th Cir. 2001) ........................................................... 3, 5

*Donald v. Cook Cnty. Sheriff's Dep't*,
  95 F.3d 548 (7th Cir. 1996)...................................... 13, 14,  22, 23, 24

*Eaglesmith v. Ward*,
  73 F.3d 857 (9th Cir. 1996).......................................................... 16, 18

*Eison v. McCoy*,
  146 F.3d 468 (7th Cir. 1998)............................................................... 14

*Hawkins v. Pac. Coast Bldg. Prods., Inc.*,
  124 Cal. App. 4th 1497 (2004) ............................................... 18, 19, 20

*Henderson v. United States*,
  517 U.S. 654 (1996)............................................................................ 25

*Jones v. Bock*
  549 U.S. 199 (2006)............................................................................ 25

*Korn v. Royal Caribbean Cruise Line, Inc.*,
   724 F.2d 1397 (9th Cir. 1984) .................................................. 22, 23, 24

*Krupski v. Costa Crociere* S. p. A.,
   560 U.S. 538, 548 (2010) ............................................................ 21, 22

*Lipman v. Bhend*,
   213 Cal. App. 2d 474 (1963) ............................................................ 17

*Lopez v. Smith*,
   203 F.3d 1122 (9th Cir. 2000) ...................................................... 25, 26

*Martell v. Trilogy, Ltd.*,
   872 F.2d 322 (9th Cir. 1989) ............................................................ 18

*Mayberry* v. *Coca Cola Bottling Co.*,
   244 Cal. App. 2d 350 (1966) ...................................................... 19, 20

*McDonald v. Antelope Valley Cmty. Coll. Dist.*,
   45 Cal. 4th 88 (2008) ...................................................................... 6

*McGore v. Wrigglesworth*,
   114 F.3d 601 (6th Cir. 1997) ............................................................ 25

*Merritt v. County of Los Angeles*,
   875 F.2d 765 (9th Cir. 1989) ...................................................... 16, 17

*Moore v. Tri-City Hosp. Found.*,
   No. 13-cv-0341 TLS (MDD), 2013 WL 2456027 (S.D. Cal.
   June 6, 2013) .................................................................................. 25

*Murphy v. Portland Police Bureau*,
   No. 06-1085-ST, 2007 WL 1695167 (D. Or. June 11, 2007) .............. 17

*O'Neal v. Price*,
   531 F.3d 1146 (9th Cir. 2008) .......................................................... 26

*Phillips v. Multnomah Cnty.*,
   No. 05-105-CL, 2007 WL 915173 (D. Or. Mar. 23, 2007)............. 16, 17

*Rice v. Hamilton Air Force Base Commissary*,
   720 F.2d 1082 (1983).................................................................. 9, 13

*Robinson v. Clipse,*
  602 F.3d 605 (4th Cir. 2010).......................................................... 24, 25

*Schiavone v. Fortune,*
  477 U.S. 26 (1986) ......................................................................... 21

*Structural Steel Fabricators, Inc. v. City of Orange,*
  40 Cal. App. 4th 459 (1995) ........................................................ 7, 8

*Tiffany v. Hometown Buffet, Inc.,*
  No. C06-2524 SBA, 2006 WL 1749557 (N.D. Cal. June 22, 2006)..... 19

*United States v. A.H. Fischer Lumber Co.,*
  162 F.2d 872 (4th Cir. 1947)............................................................ 9

*Wilson v. Garcia,*
  471 U.S. 261 (1985)........................................................................ 17

*Yeseta v. Baima,*
  837 F.2d 380 (9th Cir. 1988)..................................................... 12, 13

## Constitutions

United States Constitution, amend. IV .................................................. 10

## Statutes

28 U.S.C.
  § 1915(e) .................................................................................... 25, 26
  § 1915(e)(2)(b)(ii)......................................................................... 6, 26

42 U.S.C. § 1983 ............................................................... 2, 8, 15, 16, 17

California Code of Civil Procedure
  § 473 .................................................................................... 18, 19, 20
  § 474 .................................................................................... 17, 18, 19

vi

# Rules

Federal Rules of Civil Procedure

    4 ........................................................................................ 25

    4(c)(3) ................................................................................. 25

    4(m) ................................................................. 24, 26, 27

    15 ........................................................................................ 21

    15(c) ............................................... 15, 16, 17, 21, 22, 24

    15(c)(1)(C) ................................................ 15, 16, 21, 24

Ninth circuit Rule 36-3(a) ........................................... 16

California Rules of Court, 8.548(a) ........................... 20

# Miscellaneous

4 B.E. Witkin, California Procedure *Pleading* §§ 484, 485

    (5th ed. 2008) ....................................................... 17

Black's Law Dictionary 1092 (9th ed. 2009) ................ 21

Federal Rule of Civil Procedure 4

    advisory committee's notes (1993) ........................ 26, 27

Federal Rule of Civil Procedure 15

    advisory committee's notes (1966) ........................ 22

Federal Rule of Civil Procedure 15(c)

    advisory committee's notes (1991) ........................ 15, 16

*Overview*, *L.A. County Housing Commission*,

    http://www3.lacdc.org/CDCWebsite/HA/

    HousingCommission.aspx?id=400 ........................... 4

Webster's Third New International Dictionary 1446 (2002) ............... 21

IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

**ZINA BUTLER,**
*Plaintiff—Appellant,*

*v.*

**NATIONAL COMMUNITY RENAISSANCE OF CALIFORNIA,**
**AKA National Community Renaissance Corp.,**
*Defendant*, and
**HOUSING AUTHORITY OF THE COUNTY OF LOS ANGELES et al**.,
*Defendants—Appellees.*

---

# APPELLANT'S REPLY BRIEF

---

## INTRODUCTION

This case exemplifies the plight of pro se litigants who, after experiencing egregious constitutional violations, find themselves lost in the procedural maze of the federal court system. The defendants in this appeal unlawfully broke into the home of Zina Butler, a poor and uneducated Section 8 public housing resident. From an upstairs window, she told the group of men assembled at her door they were not allowed to enter her home. Nonetheless, the defendants unlocked her door, detained Ms. Butler, and searched her home without a warrant or probable cause.

Following these Fourth Amendment violations, Ms. Butler, as a pro se litigant, diligently sought redress. First, she pursued extrajudicial

avenues by repeatedly calling the defendants and requesting documents related to the break-in. After speaking with the defendants, Ms. Butler filed tort claims with both the City of Palmdale and the County of Los Angeles. When those were denied, she again called HACoLA to request its report of the incident. Only after being told she would need a subpoena did Ms. Butler file her federal § 1983 complaint. As explained in the opening brief, for reasons of fundamental fairness and equity and application of the relation back and tolling doctrines, Ms. Butler's complaint was timely, and defendants can show no prejudice in being required to defend their plainly unconstitutional conduct. The district court's dismissal of Ms. Butler's complaint should be reversed, and she should be permitted to have her day in court.

## LEGAL ARGUMENT

## I. THE DISTRICT COURT COMMITTED REVERSIBLE ERROR BY FAILING TO PROPERLY APPLY CALIFORNIA'S EQUITABLE TOLLING RULES.

### A. The district court improperly resolved the equitable tolling issue on the pleadings without making a full inquiry regarding each factor.

"[O]rdinarily[,] equitable tolling is not properly resolved at the pleading stage." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1277 (9th Cir. 1993). The inquiry is fact-intensive, and the district court should consider evidence "at the summary judgment or trial stage of litigation." *Id.* at 1276. Defendants contend equitable tolling can be determined on the pleadings. (HACoLA Br. 23-24.) Not so. This case is not one of the

extremely narrow circumstances where such a decision can be made.  (*See* AOB 57 n.8.)  Ms. Butler must be permitted "to allege facts and offer evidence supporting application of the tolling doctrine.  Only then will the district court be in a position to engage in the practical fact-specific and evidence-bound inquiry *required* under California law."  *Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131, 1140 (9th Cir. 2001) (en banc) (emphasis added).

The defendants do not challenge—and appear to concede—that the district court here improperly refused to allow Ms. Butler the opportunity to present specific evidence of why she met the three elements of California equitable tolling.  To decide the issue of equitable tolling on a Motion to Dismiss prevents plaintiffs from offering evidence at summary judgment or trial, which is precisely what happened here.  *See Cervantes*, 5 F.3d at 1276-77.  Under *Daviton*, this Court should remand for an evidentiary hearing on equitable tolling due to factual disagreement between the parties about the notice provided by Ms. Butler's tort claims submitted to various government entities.  (AOB 58-59.)

For example, HACoLA contends Ms. Butler's tort claim filed with the County of Los Angeles provided it no notice.[1]  (HACoLA Br. 21-31.)

_____

[1]  HACoLA asks this Court to deny the Motion for Judicial Notice because the claim form filed with the County failed to provide HACoLA with notice. (Appellees' Opp. to MJN at 6.)  The claim form *is* relevant to both the issues of notice and Ms. Butler's diligence as a pro se litigant which are factual matters for the district court to decide.

Moreover, Ms. Butler did not waive the argument that the tort claim provided the County notice (*id.* at 5) because the issue of equitable tolling (continued...)

However, it concedes, "the Board of Supervisors of the County of Los Angeles also serves in an independent capacity as the Board of Commissioners [for HACoLA.]" (*Id.* at 26.) Furthermore, HACoLA's web site states, "The [LA County] Board [of Supervisors] sets policy for the Housing Authority."[2] A trier of fact could determine that the County of Los Angeles and HACoLA are sufficiently intertwined, given that the County Board of Supervisors sets policy for HACoLA, such that notice to one serves as notice to the other. The Memorandum of Understanding between HACoLA and the City of Palmdale to enforce targeted Section 8 housing investigation also shows the close connection between the County and HACoLA (through the direction of the County Supervisors) and should be considered by the district court as factual support for application of equitable tolling. (*See* 2 ER 159-87.) Finally, the same public counsel appears to represent both the County of Los Angeles and HACoLA.[3] All

_____

(...continued)
was improperly decided on a motion to dismiss. Ms. Butler never had an adequate opportunity to present all factual evidence in support of equitable tolling, because her case never made it to summary judgment or trial. *See Cervantes*, 5 F.3d at 1276-77.

[2] *Overview, L.A. County Housing Commission*, http://www3.lacdc.org/CDCWebsite/HA/HousingCommission.aspx?id=400 (last visited Jan. 24, 2014).

[3] Raymond J. Fortner, Jr. appeared as counsel on the County of Los Angeles's denial of Ms. Butler's tort claim. (*Compare* 2 ER 164, 173, 178 (Fortner appearing as County Counsel on behalf of HACoLA in Memorandum of Understanding with the City) *with* Butler MJN Ex. 4
(continued...)

these factors imply that HACoLA received notice from Ms. Butler's various claims.  In any event, Ms. Butler spoke directly to HACoLA regarding her claims.  (2 ER 151-52.)  Only a factual hearing in the district court can flesh this out for resolution. *See Daviton*, 241 F.3d at 1142.

The district court also erred by failing to make a practical inquiry into each of the three elements of equitable tolling.  (AOB 59-61.) *Cervantes* is instructive.  There, this Court reversed a district court's denial of equitable tolling where the trial court "granted dismissal after a 'threshold inquiry' into the similarity of the [plaintiff's] two claims." 5 F.3d at 1275.  By concluding equitable tolling did not apply without employing the three-element test, the district court committed reversible error.  *Id.*  The same applies here.  The district court failed to engage in the three-element inquiry—in fact, it did not discuss the second or third elements at all.  (AOB 59-61.)  Again, the defendants do not dispute the district court erred in its equitable tolling analysis.  As in *Cervantes*, the proper remedy is reversal and remand for a hearing where the district court entertains all relevant evidence and analyzes all three factors.  In any event, as we next explain, even without considering all of the facts, Ms. Butler is entitled to equitable tolling as a matter of law.

---

(...continued)
(Fortner appearing as County Counsel on behalf of the County of Los Angeles).)

**B.     Ms. Butler satisfies the three elements of California equitable tolling.**

**1.     Ms. Butler provided timely notice of her claims to each defendant.**

For equitable tolling to apply, the first claim must "alert the defendant in the second claim of the need to begin investigating the facts [that] form the basis for the second claim." *Collier v. City of Pasadena*, 142 Cal. App. 3d 917, 924 (1983). Courts should liberally apply tolling when the notice interest is satisfied. *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 100-02 (2008).

The district court correctly concluded the City had notice of Ms. Butler's claim from her June 28, 2007 tort claim. (1 ER 28.) However, it erred in tolling Ms. Butler's claim only ten days. (*See id.*) As discussed below, Ms. Butler's claim should be tolled ninety-two days—the time it took the district court to screen Ms. Butler's complaint under 28 U.S.C. § 1915(e)(2)(b)(ii). (AOB 53-54.)

Ms. Butler also provided notice to HACoLA. (AOB 61-63.) HACoLA argues Ms. Butler mailed her tort claim to the wrong entity, and that it had no notice. (HACoLA Br. 21-31.) It ignores the fact, however, that Ms. Butler contacted the defendants approximately twelve times collectively.[4]

---

[4]  In the week after the search, Ms. Butler contacted the City Sheriff's Department. (2 ER 151.) She also contacted HACoLA approximately seven times in that week, speaking twice with D'Errico. (*Id.*) Ms. Butler then filed a claim with the City of Palmdale and the County of Los Angeles. (*Id.*; MJN 5-11.) She again contacted HACoLA in March or April 2009. (2 ER 152.) After all this, she filed suit. (*Id.*)

(2 ER 151-52.)  Furthermore, the defendants fail to address Ms. Butler's contact with HACoLA in March or early April 2009—right before she filed suit.  (*See* AOB 62; 2 ER 152.)  HACoLA responded to Ms. Butler's 2009 request for records by refusing to turn over anything without a subpoena. (2 ER 152.)  This is clear evidence that HACoLA was on notice of a claim against it; there is no other plausible reason to demand a subpoena.

### 2. Defendants cannot show any prejudice to being named in the amended complaints.

"The critical question [of prejudice] is whether notice of the first claim affords the defendant an opportunity to identify the sources of evidence [that] might be needed to defend against the second claim." *Collier*, 142 Cal. App. 3d at 925.  There is no prejudice when the first claim puts the defendant "'in position to appropriately defend the second.'" *Structural Steel Fabricators, Inc. v. City of Orange*, 40 Cal. App. 4th 459, 465 (1995) (quoting *Collier*, 142 Cal. App. 3d at 925).

The City contends it will suffer prejudice because its "reliance on the statute of limitations" will be upset.  (City Br. 43.)  This is not  prejudice under California law.  *See Collier*, 142 Cal. App. 3d at 925; *Structural Steel*, 40 Cal. App. 4th at 465.  Prejudice is defined as the inability to properly defend a claim due to loss of evidence.  *Structural Steel*, 40 Cal. App. 4th at 465.  The defendants make no argument, nor could they, that tolling would inhibit their defense of this case because of loss of evidence. On the contrary, HACoLA's refusal to give Ms. Butler records in 2009 without a subpoena demonstrates it preserved the relevant evidence.

7

(2 ER 152.)  HACoLA does not argue prejudice, and the City's policy arguments are insufficient to establish prejudice.

At minimum, the question whether either defendant suffered actual prejudice is a factual one, where remand is required for the district court to make specific findings after considering the evidence.

### 3.  Ms. Butler has acted in good faith in pursuing her meritorious claims.

The good faith element is "less clearly defined," but it also requires a factual inquiry.  *Collier*, 142 Cal. App. 3d at 926; *Structural Steel*, 40 Cal. App. 4th at 466-67.  Ms. Butler acted in good faith by pursuing many pre-litigation forms of resolution.  (AOB 65-66.)  The City implicitly concedes Ms. Butler met this element.  (City Br. 43.)  HACoLA, without explicitly challenging this element, claims Ms. Butler's decision to file her § 1983 claim within the statute of limitations was unreasonable.  (HACoLA Br. 31.)  The fact that Ms. Butler, a pro se litigant trying to navigate the complicated waters of federal court, did not file her complaint until near the end of the limitations period does not indicate bad faith.  Indeed, she spent the first part of the limitations period attempting to contact the defendants and resolve the dispute over her clear constitutional rights violations.  Prior to filing, she contacted HACoLA in 2009 to request the report.  (2 ER 152.)  Only after HACoLA refused to cooperate without a subpoena did Ms. Butler file suit.  (*Id.*)  Ms. Butler, operating pro se and with only a high school education, met the element of good faith by pursuing her claims extra judicially and only then filing within the applicable limitations period.

8

## II.  MS. BUTLER SUFFICIENTLY NAMED HACOLA, D'ERRICO, THE CITY, AND BARRAZA IN THE ORIGINAL COMPLAINT.

### A.  Ms. Butler intended to sue HACoLA, D'Errico, the City, and Barraza in the original complaint.

Ms. Butler properly named the defendants in the body of her timely original complaint.  *See Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1085 (1983); (AOB 16-26.)  Defendants argue that Ms. Butler's description of their constitutional violations did not sufficiently identify them as defendants nor did it display Ms. Butler's intent to sue them because "the allegations must make absolutely clear that the party is intended as a defendant." (City Br. 23.)  That is not the standard.  The allegations of the body of the complaint must simply "make it plain that the party is intended as a defendant." *Rice*, 720 F.2d at 1085. (*See also* AOB 16-18.)  This requires only the use of "'such terms that every intelligent person understands who is meant.'" *Rice*, 720 F.2d at 1085 n.2 (quoting *United States v. A.H. Fischer Lumber Co.*, 162 F.2d 872, 873 (4th Cir. 1947)).

Applying the appropriate standard, the allegations in her Original Complaint make plain that she intended to sue all parties who violated her constitutional rights.  Ms. Butler was confused by the Central District's complaint form and did not realize that ideally all defendants should be listed in the caption and by their formal names.  (2 ER 95, 152; AOB 18-19.)  Ms. Butler did not learn that she needed to specifically name each defendant in the caption until after she had filed her second amended complaint when she visited Public Counsel's Pro Se Clinic.  (2 ER 84.)

Instead, Ms. Butler "at all times intended to sue those defendants who illegally searched her home" and believed that her descriptions of each defendant in the body of her original complaint were sufficient. (AOB 18-26.)

First, the City contends that Ms. Butler did not intend to sue them in her original complaint because that complaint does not impute any wrongdoing to the City. (City Br. 31-32.) Not so. The Original Complaint states: "On April 18th 2007 apartment manager in absence of a search warrant gave Section 8 investigator and *City employee* and Sheriff deputies the keys to my apartment who then entered without search warrant or consent . . . ." (2 ER 35 (emphasis added).) Plainly, Ms. Butler sued the City for a violation of her Fourth Amendment rights. (*Id.*) The City employee's forced entrance of Ms. Butler's home "without search warrant or consent" is a Fourth Amendment violation. *See* U.S. Const. amend. IV.

Second, defendants assert that Ms. Butler did not intend to sue them in the original complaint because she did not ultimately pursue claims against the apartment manager or sheriffs deputies who were also named in the original complaint. (City Br. 32; HACoLA Br. 18, 34-35.) Ms. Butler's choice not to maintain suits against the apartment manager and sheriffs deputies in later stages of litigation does not affect, much less negate, her intent to sue all parties at the time of filing. Indeed, it simply speaks to the fact that she did not pursue claims against the apartment manager or sheriffs deputies. There are several potential reasons for doing so. Given that Ms. Butler must deal with the manager on a day-to-day basis, it is reasonable to conclude that Ms. Butler was hesitant to

further inflame her.  (See 2 ER 146.)  Likewise, Ms. Butler may not have wanted to inflame the sheriffs deputies who had already handcuffed and arrested her for a completely unrelated minor traffic violation in the midst of the defendants' unconstitutional search of her apartment.  (2 ER 149.)

Third, the defendants argue that Ms. Butler did not intend to sue them in her original complaint based on the Civil Cover Sheet.  (City Br. 28; HACoLA Br. 18.)  But, the cover sheet provides further evidence that Ms. Butler was a confused, uneducated, pro se litigant struggling to navigate the legal system.  (*See* 2 ER 152.)  The cover sheet is a highly confusing document that is not intended for pro se litigants; its instructions are specifically written for licensed attorneys, providing instructions as to how the "attorney filing a case should complete the form."[5]  Furthermore, the cover sheet is simply used by the Clerk for statistics, venue, and initiating the docket (2 ER 38)—not naming defendants.  Indeed, while the defendants' attempt to use the cover sheet to supplement Ms. Butler's pleadings, the sheet explicitly states that the "information contained [t]herein [will] neither replace *nor supplement* the filing and service of pleadings" and that it will not be filed.  (*Id.* (emphasis added).)  Defendants are merely picking apart Ms. Butler's minor errors in a complex sheet that Ms. Butler did not think would supplement her pleadings.  Moreover, the box Ms. Butler failed to check was used for

---

[5]  Form CV-71A, United State District Court, Central District of California, Instructions for Attorneys Completing Civil Cover Sheet Form (11/13) (JS-4 Rev. 12/12), *available at* http://court.cacd.uscourts.gov/Cacd/forms.nsf/0/6278b740baf7ee4f882568190072f641/$FILE/CV-71A.pdf. (*See also* 2 ER 38.)

venue, not naming purposes, and it says to "go to item (c)" if the box is checked; Ms. Butler did proceed to item "(c)" and listed "L.A. County"—where the defendants at issue reside—in that box.  (*Id.*)

Furthermore, even if the facts are ambiguous, this Court's liberal interpretation of pro se pleadings and factual inferences in favor of Ms. Butler as the non-moving party (*see* AOB 14-15) support the finding that Ms. Butler intended to sue the defendants.  While the cover sheet seems clear to the defendants' educated and trained attorneys, it was not clear to Ms. Butler.  Ms. Butler always intended to sue each defendant (2 ER 153), but she is uneducated, lacks legal training, (2 ER 145, 152), and was unable to retain counsel she could afford (2 ER 152).  She attempted to engage in the judicial system, but she made a mistake with the Central District's unclear filing form; a mistake that did not prejudice the defendants.  (1 ER 11-12.)

Fourth, *Yeseta v. Baima*, 837 F.2d 380 (9th Cir. 1988) supports a finding that defendants were properly included in the original complaint.  In *Yeseta*, this Court upheld a judgment against a party—the Plan—that was not named in the caption or any attached documents but was referred to in the body of the complaint.  *Yeseta*, 837 F.2d at 383.  Likewise, Ms. Butler referred to the defendants in her timely original complaint.  (AOB 16-26.)  Defendants contend that the "mere fact that a party was pled in the body of the complaint was not the basis for the Court's allowance of amendments after the limitations period in *Yeseta*." (City Br. 24 (internal quotation marks omitted).)  Rather, defendants assert that the Court only overlooked the omission of the plan in the caption because all parties with legal responsibility to meet the Plan's liability were named in the caption.

(City Br. 24-26.) The defendants' interpretation obfuscates this Court's standard by transplanting the Court's rationale for an unrelated legal determination in the *Yeseta* opinion into the *Rice* analysis. The Court based its holding that the Plan was properly named in the body of the complaint under *Rice* because the "body of the amended complaint refer[red] repeatedly to the Plan, identifie[d] Biama Inc. as its administrator, and explicitly refer[red] to Rodney Miles and Michael Biama as trustee of the Plan." *Yeseta*, 837 F.2d at 382-83. Then, the Court transitions out of the applicable *Rice* analysis—stating that "*[e]ven if* we were to assume the Plan was not identified in the body of the complaint . . . ."—and into an entirely different analysis, inapplicable to the *Rice* determination. *Id.* at 383 (emphasis added). Applying the Court's rationale as to the *Rice* analysis, Ms. Butler properly named the defendants in the body of the complaint. (AOB 17-18.)

## B.  Ms. Butler referred to the defendants by misnomers in the body of the original complaint.

Ms. Butler referred to the defendants by the misnomers "city employee" and "Section 8 investigator" in her original complaint. (2 ER 35; AOB 19-22.) In *Donald*, the Seventh Circuit found that misnomers describing the officials as "the doctor on duty" and "police officers on duty" were proper misnomers to identify the officials in the body of the complaint. *Donald v. Cook Cnty. Sheriff's Dep't,* 95 F.3d 548, 552, 556-57 (7th Cir. 1996). Ms. Butler likewise referred to the defendants by descriptive misnomers that easily permitted the City and County to know they were defendants and to identify which employees were present at the

Fourth Amendment violation described in her original complaint.  (AOB 19-22.)

The City contends that *Donald* does not apply because there were "extraordinary circumstances" in *Donald*.  (City Br. 30-31.)  The City is wrong.  While the court in *Donald* did find that there were extraordinary circumstances in the district court's actions, *Donald* is cited by Ms. Butler for its legal standard on the appropriate treatment of a pro se litigant's complaint, including the interpretation of comparable misnomers, not for comparison to the extraordinary circumstances created by the district court's actions in *Donald* (AOB 19-21).

*Eison v. McCoy*, 146 F.3d 468 (7th Cir. 1998), relied on by defendants, is inapposite.  (AOB 21-22.)  In *Eison*, the plaintiff referred to police officers by the aliases "T.C., Cronie, Pac Man; and Crater Face" in the body of the complaint.  *Eison*, 146 F.3d at 469.  Ms. Butler, however, did not use random aliases to reference the defendants in her original complaint.  Rather, Ms. Butler used descriptive identifiers—describing the city employee and section 8 investigator who forcibly entered her home— which is more analogous to the finding of proper descriptive misnomers in *Donald* rather than to the aliases in *Eison*.  (AOB 21-22.)

Given the requirement to broadly construe pro se pleadings, (AOB 14-15), this Court should give the benefit of the doubt to Ms. Butler.

## III.   FED. R. CIV. P. 15(C) GOVERNS THE RELATION BACK OF § 1983 CLAIMS IN LIGHT OF CONGRESS' 1991 AMENDMENTS TO THE RULE.

### A.   The 1991 amendments provide plaintiffs with the more favorable standard—whether federal or state—in § 1983 claims.

Under the 1991 amendments, Fed. R. Civ. P. 15(c) applies to § 1983 actions and permits relation back under the more favorable standard. (AOB 27-33.)  The City agrees, conceding that Rule 15(c) governs relation back of § 1983 claims.[6]  HACoLA disagrees, (HACoLA Br. 11-12), and is wrong.  However, HACoLA's contentions are irrelevant to the outcome of this case because Ms. Butler's claims relate back under both California law (*see infra* Part IV), which is applicable under *Merritt/Cabrales* as well as Rule 15(c).

HACoLA contends that Rule 15(c) provides the more favorable relation back standard when the state standard is more favorable but does not provide the more favorable standard when Rule 15(c)(1)(C) is more lenient.  (HACoLA Br. 12.)  Not so.  The amendments explicitly contemplate that the more favorable standard may be the federal standard: "In some circumstances, *the controlling limitations law may be federal law*." Fed. R. Civ. P. 15(c) advisory committee's notes (1991).

Furthermore, HACoLA's interpretation would permit parties to take unjust advantage of inconsequential pleading errors by permitting

---

[6]  "The City-Defendants do not dispute Appellant's conclusion that Rule 15(c) likely governs relation back issues in 42 U.S.C. section 1983 actions such as this . . . ."  (City Br. 33.)

defendants to seek refuge in strict state relation back principles when a plaintiff's suit would otherwise move forward under Rule 15(c)(1)(C). *See, e.g.*, *Phillips v. Multnomah Cnty.*, No. 05-105-CL, 2007 WL 915173 (D. Or. Mar. 23, 2007). This is in direct conflict with the purpose of the 1991 amendments to "prevent parties against whom claims are made from taking unjust advantage of otherwise inconsequential pleading errors to sustain a limitations defense," not merely to open the door to state relation back. Fed. R. Civ. P. 15(c) advisory committee's notes (1991).

## B.    *Merritt* and *Cabrales* are not controlling.

HACoLA next asserts that this Court's holdings in *Merritt v. County of Los Angeles*, 875 F.2d 765 (9th Cir. 1989) and *Cabrales v. County of Los Angeles*, 864 F.2d 1454 (9th Cir. 1988) *vacated on other grounds*, 490 U.S. 1087 (1989) require state relation back to apply. (HACoLA Br. 12.) Not so. These decisions pre-date the amendment to the rule and, therefore, do not interpret the 1991 amendments.[7] *Merritt*, 875 F.2d at 768; *Cabrales*,

---

[7]    HACoLA contends this court has continued to apply *Merritt* and *Cabrales* since the 1991 amendments, supporting its position with an unpublished case. (HACoLA Br. 11-12.) To be clear, no Ninth Circuit published case since the 1991 amendments cites *Merritt* or *Cabrales* for this proposition, and unpublished cases are not persuasive. 9th Cir. R. 36-3(a). The Ninth Circuit's only published case on this issue affirmed the district court's application of Rule 15(c) to a § 1983 claim. *See Eaglesmith v. Ward*, 73 F.3d 857, 860 (9th Cir. 1996). Indeed, the fact that the Ninth Circuit has not cited *Merritt* or *Cabrales* as precedent in a published opinion since 1991 may have prompted the Court to seek briefing to resolve the issue here. (Pro Bono Order 2-3.)

(continued...)

864 F.2d 1454. In any event, *Merritt* and *Cabrales* are not contrary to the application of Rule 15(c); rather, both cases effectively anticipated the spirit of the 1991 amendments that plaintiffs should be afforded the more favorable relation back standard. (AOB 30-33.) *See also Merritt,* 875 F.2d at 768; *Cabrales*, 864 F.2d 1454.

HACoLA argues that *Merritt* and *Cabrales* require that state relation back—and only state relation back—applies to § 1983 claims because the relation back provision was substantive state law. (HACoLA Br. 11-12.) HACoLA is wrong. Both *Merritt* and *Cabrales*, however, were concerned with one specific statute: California Code of Civil Procedure section 474. *Merritt*, 875 F.2d at 768 n. 6; *Cabrales*, 864 F.2d at 1463. Section 474 is not merely a relation back provision; it is a tolling statute, which under *Wilson v. Garcia*, 471 U.S. 261, 269 (1985), would apply when the statute of limitations is borrowed from state law. *See Lipman v. Bhend*, 213 Cal. App. 2d 474 (1963) (using section 474 results in the "tolling of the statute of limitations); 4 B.E. Witkin, California Procedure *Pleading* §§ 484, 485 (5th ed. 2008). Therefore, *Merritt* and *Cabrales* are not contrary to the 1991 amendments to Rule 15(c).

_____

(...continued)

HACoLA also cites a number of unpublished district court cases applying state relation back under *Merritt* and *Cabrales* since 1991. (HACoLA Br. 12-13.) Numerous district court cases have come to the opposite conclusion, finding that Rule 15(c) applies. *Chavez v. Mallamo*, No. C08-04145 WHA, 2009 WL 462748 (N.D. Cal. Feb. 23, 2009); *Murphy v. Portland Police Bureau*, No. 06-1085-ST, 2007 WL 1695167 (D. Or. June 11, 2007); *Phillips v. Multnomah Cnty.*, 2007 WL 915173, at *5.

Moreover, even if HACoLA's argument had merit—and only state relation applied—Ms. Butler's claims also relate back under California law.

## IV.    CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 473 GOVERNS THE RELATION BACK OF MS. BUTLER'S COMPLAINTS BECAUSE SHE WAS CORRECTING MISNOMERS, NOT ADDING PARTIES.[8]

When an amendment simply corrects a mistaken misnomer in a timely pleading, California Code of Civil Procedure section 473 governs. *Hawkins v. Pac. Coast Bldg. Prods., Inc.*, 124 Cal. App. 4th 1497, 1503 (2004).  (*See also* AOB 34-39.)   In contrast, California Code of Civil Procedure section 474 applies when a defendant is adding an entirely new defendant.  *Hawkins*, 124 Cal. App. 4th at 1503.  (*See also* AOB 34-39.) Defendants contend that section 473 does not apply because Ms. Butler was trying to add them as new defendants based on her use of the word "adding" in her First Amended Complaint.  (City Br. 36-37; HACoLA Br. 14-19.)  Ms. Butler was not adding new defendants, (AOB 36-39); rather, she was clarifying their names (2 ER 152-53).  Defendants' attempt to

---

[8]   Defendants assert that the applicable standard of review for relation back issues is abuse of discretion.  (City Br. 15-16; HACoLA Br. 9-10.) Defendants are incorrect.  While this Court reviews whether the district erred in denying a motion for relation back for an abuse of discretion, *Eaglesmith*, 73 F.3d at 860, it reviews district court determinations as to whether an amended complaint relates back to a prior pleading de novo, *Martell v. Trilogy, Ltd.*, 872 F.2d 322, 325 (9th Cir. 1989).

strictly construe and nit-pick the wording of an uneducated, pro se litigant ignores this courts liberal interpretation of the pleadings of pro se litigants and fails for the same reasons as the district court's attempt to do so. (AOB 24-26.)

Furthermore, Ms. Butler properly referenced the defendants by misnomers in the original complaint. (AOB 38-39.) Defendants argue Ms. Butler did not use proper misnomers because California's misnomer exception only applies to dual entities with strikingly similar business names. (City Br. 24-37; HACoLA Br. 17-19.) Defendants' arguments are unpersuasive. The fact that *Hawkins* and *Mayberry* v. *Coca Cola Bottling Co.,* 244 Cal. App. 2d 350 (1966) involved such factual situations, does not mean that similar business names are the only valid misnomers under the general legal standards set forth in those cases. Applying the California Court of Appeal's legal standard for determining whether there is an amendable misnomer under section 473 in *Mayberry*, Ms. Butler was correcting valid misnomers. (AOB 38-39.)

While many misnomers occur in the context of dual business entities, section 473 is not limited exclusively to dual business entities. California's misnomer exception has been applied in three different contexts: (1) incorrect names; (2) fictitious business names; and (3) dual entities. *Tiffany v. Hometown Buffet, Inc.*, No. C06-2524 SBA, 2006 WL 1749557, at *6–*7 (N.D. Cal. June 22, 2006).[9] An evaluation of California precedent

---

[9] If this Court finds that the dearth of California case law on misnomers outside of the dual business entity context prevents application of section

(continued...)

also shows that the misnomer exception extends beyond dual entities. *Mayberry* described dual entities as having an "integrated production enterprise," *Mayberry*, 244 Cal. App. 2d at 354, but California courts have applied section 473 outside of integrated business entities. In *Canifax*, the California Court of Appeal found that plaintiff's use of "Coast Equipment Company" in its pleadings was a sufficient misnomer for "Coast Manufacturing and Supply Company" even though there was no integrated dual enterprise at issue. *Canifax v. Hercules Powder Co.*, 237 Cal. App. 2d 44, 56-58 (1965); *see also Hawkins*, 124 Cal. App. 4th at 1501, 1504-05 (finding a misnomer outside of an integrated, dual-entity context where the party sued their employer by its fictitious name, Basalite Corporation, rather than its proper name, Pacific Coast Building Products, Inc.). In so ruling, the Court held that "[m]isnomers are simply errors in nomenclature." *Canifax*, 237 Cal. App. 2d at 57. Similarly, Ms. Butler made a mistake in nomenclature. She did not know she needed to plead the parties' specific names (2 ER 84, 152), and instead asserted claims against them under descriptive misnomers (AOB 19-22, 36-49).

---

(...continued)

473 to the present case, the Court should certify the issue for review to the California Supreme Court. Cal. R. Ct. 8.548(a).

## V.  MS. BUTLER SATISFIED THE FOUR ELEMENTS OF FEDERAL RELATION BACK UNDER THE FEDERAL STANDARD IN FED. R. CIV. P. 15(C)(1)(C).

### A.  The district court erred in finding Ms. Butler did not meet the third element.

#### 1.  Ms. Butler made a mistake.

Relation back is dependent upon four factors, all of which must be satisfied: (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have been fulfilled within the prescribed limitations period.

*Schiavone v. Fortune*, 477 U.S. 26, 29 (1986), *superseded by statute*, Fed. R. Civ. P. 15. However, the first element is uncontested. The defendants claim they did not receive notice to prevent them from being prejudiced, and that Ms. Butler did not make a mistake concerning the defendants' identity. (HACoLA Br. 31-44; City Br. 44-56.)

The Supreme Court defined a mistake under Rule 15(c) as "'[a]n error, misconception, or misunderstanding; an erroneous belief.'" *Krupski v. Costa Crociere* S. p. A., 560 U.S. 538, 548 (2010) (quoting Black's Law Dictionary 1092 (9th ed. 2009)). A mistake is "'a state of mind not in accordance with the facts.'" *Id.* at 549 (quoting Webster's Third New International Dictionary 1446 (2002)).

21

"[R]efusal to allow a *pro se* civil rights plaintiff to amend a complaint so as to name the appropriate defendants has been widely recognized as an abuse of the district court's discretion." *Donald*, 95 F.3d at 556-57.

Here, Ms. Butler had the erroneous belief that writing the name of one defendant in the small caption box while describing the rest in the body was sufficient to bring suit against them all. (2 ER 96, 152.) As a woman with only a high school education and without the benefit of counsel, she misunderstood the complex legal requirements. (1 ER 11-12.) Under *Krupski*, a mistake does not include a "deliberate choice to sue one party instead of another while fully understanding the factual and legal differences between the two parties." 560 U.S. at 549. That is certainly not the situation here. Ms. Butler did not understand the legal differences between the parties and that she was supposed to list each party in the tiny caption box of the complaint. (2 ER 96.)

### 2.   HACoLA, D'Errico, the City, and Barraza knew or should have known Ms. Butler intended to sue them.

Rule 15(c) focuses on what the defendant knew at the time of filing. *Krupski*, 560 U.S. at 553-54. Crucially, "the notice need not be formal." Fed. R. Civ. P. 15 advisory committee's notes (1966). Notice is simply one means of achieving the ultimate end: avoiding prejudice to the party to be added. *Korn v. Royal Caribbean Cruise Line, Inc.*, 724 F.2d 1397, 1399-1400 (9th Cir. 1984).

The City contends neither Ms. Butler's use of "City employee" in her original complaint nor her 2007 tort claim put it on notice. (City Br. 49-51.) However, this misses the purpose of notice: "assuring that the party

to be added has received ample opportunity to pursue and preserve the facts relevant to various avenues of defense." *Korn*, 724 F.2d at 1400. Here, Ms. Butler's tort claim alerted the City to her claim against it. As in *Korn*, the evidence shows the defendants knew the date and nature of the events leading to Ms. Butler's claim as well as her identity. (See AOB 7-8.) Combining Ms. Butler's tort claim with her reference to "City employee," the City had sufficient notice to prevent prejudice to maintaining its defense. Furthermore, to the extent Ms. Butler's complaint was too vague, "the court could have acted to assist [her] in identifying and serving the proper defendants to the suit." *Donald*, 95 F.3d at 557.

The same is true for HACoLA. HACoLA argues Ms. Butler served her tort claim on the County of Los Angeles, which does not impute notice to HACoLA. (HACoLA Br. 38-40.) Even if this is true,[10] Ms. Butler provided HACoLA with ample other notice. First, she called HACoLA several times immediately after the officers broke into her home. She contacted HACoLA approximately seven times in the weeks following the break-in, and she was told D'Errico led the investigation of her. (2 ER 151.) She then spoke with D'Errico at least twice, who refused to discuss the matter. (*Id.*) D'Errico told Ms. Butler to wait until HACoLA generated a report, but she never received one. (*Id.*) Additionally, Ms. Butler called HACoLA to request its report in 2009. (2 ER 152.) HACoLA refused to furnish the report without a subpoena—extraordinarily clear

---

[10] As discussed above, whether Ms. Butler's tort claim gave HACoLA sufficient notice is an evidentiary issue to be resolved by the district court on remand.

23

evidence it both had notice of a possible suit and maintained the evidence needed for its defense.  (*Id.*)  This is all Rule 15(c) requires.  *See Korn*, 724 F.2d at 1400 ("Avoiding prejudice to the party to be added thus becomes our major objective.").

## B.    Because Rule 15(c) applies, the Rule 4(m) period for service is tolled.

### 1.    No case supports defendants.

The defendants do not dispute that every circuit to examine whether to toll Fed. R. Civ. P. 4(m)'s period for service when a district court has screened a plaintiff's complaint has found tolling.  The City seeks to move away from this consensus bright-line rule in favor of a very fact-intensive inquiry to determine whether tolling occurs.  In particular, the City attempts to distinguish *Robinson v. Clipse*, 602 F.3d 605 (4th Cir. 2010) on the basis that its facts are dissimilar to the ones here.  (City Br. 56-60.) But, the City never contends that the Rule 4(m) period should not be tolled for *in forma pauperis* plaintiffs unable to serve their complaints due to the screening process.   This Circuit needs a clear, bright-line rule for determining when the Rule 4(m) period is tolled.  To make case-by-case determinations as the defendants ask the Court to do[11] defeats the purpose of uniformity in applying Federal Rules of Civil Procedure.  *See*, *e.g.*,

---

[11] *See* HACoLA Br. 44 ("Tolling the Rule 15(c)(1)(C) period is not appropriate *in this situation*") (italics added, capitalization and boldface omitted); City Br. 56 (stating that "[i]t is unlikely that tolling applies to *the instant facts*") (emphasis added).

*Henderson v. United States*, 517 U.S. 654, 672 (1996) (basing its holding "in view of the uniform system Rule 4 of the Federal Rule of Civil Procedure provides").

The key dispute is whether Ms. Butler was free to serve her complaints while the district court screened them under 28 U.S.C. § 1915(e). It is obvious that the district court *did* screen Ms. Butler's complaints because it dismissed her First and Second Amended Complaints sua sponte. (2 ER 41-57.) Under § 1915(e), a district court may withhold service of an *in forma pauperis* plaintiff's complaint while the court screens for frivolity. "28 U.S.C. § 1915(e)(2) mandates that the court reviewing an action filed pursuant to the IFP provisions of § 1915 make and rule on its own motion to dismiss before directing the U.S. Marshal to effect service [of process] pursuant to Federal Rule of Civil Procedure 4(c)(3)." *Moore v. Tri-City Hosp. Found.*, No. 13-cv-0341 TLS (MDD), 2013 WL 2456027, at *1 (S.D. Cal. June 6, 2013) (citing *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

It is true that unlike *Robinson*, the court here did not issue an order affirmatively preventing service of Ms. Butler's complaints. However, the record is not at all clear that Ms. Butler was free to serve her complaints while the district court screened them, and the fact that the court continually dismissed her complaints suggests she was not free to serve them. (AOB 53-54.) *See Moore*, 2013 WL 2456027, at *1; *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2006) ("[B]efore service of process is made on the opposing parties, the district court must screen the case

under the criteria of § 1915(e) [ ] . . . .").  As a pro se litigant, Ms. Butler should not be penalized by the confusion surrounding this issue, which was increased by the fact the district court allowed filing without payment of filing fees, but did not specifically rule on Ms. Butler's *in forma pauperis* petition.  (1 ER 2.)  This left Ms. Butler in a state of limbo, unsure of the exact rules for service under § 1915(e).  The district court was under an obligation to prevent this confusion.  *See* Fed. R. Civ. P. 4 advisory committee's notes (1993) ("The district court should also take care to protect pro se plaintiffs from consequences of confusion or delay attending the resolution of an in forma pauperis petition.").

Finally, the policy behind § 1915(e) supports preventing pro se litigants from serving their complaints until the screening process is complete.  *See O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008) ("'Section 1915(e)(2)(B)(ii) . . . allows a district court to dismiss, sua sponte and *prior to service of process*, a complaint that fails to state a claim . . . .") (emphasis added) (quoting *Lopez*, 203 F.3d at 1130).  In this case, the district court repeatedly dismissed Ms. Butler's complaints sua sponte because of defects in naming defendants.  (2 ER 41, 45, 51.)  Only when the district court allowed Ms. Butler's complaint to remain did Ms. Butler serve it—and rightly so.  To serve it prior to screening would have defeated the purpose of screening altogether.

### 2.  Ms. Butler showed diligence in her efforts to notify defendants.

HACoLA contends Rule 4(m) should not be tolled because Ms. Butler was not diligent in her attempt to notify defendants of her lawsuit.

HACoLA argues "the Court expressly declined to order Marshal service, so Butler was obligated to serve the same defendants." (HACoLA Br. 52.) The district court's order said, "This order does not authorize service of the complaint by the U.S. Marshal." (2 ER 34.) This sentence is ambiguous, and can be fairly read—especially by an uneducated pro se plaintiff—to mean that no one could serve the complaint until the screening process was complete. Because the court is under an obligation to not punish the consequences of confusion, and Ms. Butler tried personally notifying the defendants on many other occasions, the Rule 4(m) period should be tolled. *See* Fed. R. Civ. P. 4 advisory committee's notes (1993). (*See also* AOB 46-49.)

### 3. With proper tolling, Ms. Butler's Fourth Amended Complaint is timely.

Because of the confusing screening process the district court conducted, as shown by its sua sponte dismissals, the Rule 4(m) period should be tolled. (AOB 53-54.) The screening process took 92 days, which means Ms. Butler should have a total of 212 days (120 days under Rule 4(m) plus 92 days of screening) to serve her amended complaint, which she did. (*Id.*) Therefore, her complaint is timely.

27

## CONCLUSION

The decision of the district court should be reversed and the action remanded for further proceedings.

February 6, 2014

**HORVITZ & LEVY LLP**
  JEREMY B. ROSEN (COUNSEL OF RECORD)
**PEPPERDINE UNIVERSITY SCHOOL OF LAW NINTH CIRCUIT APPELLATE ADVOCACY CLINIC**
  ANDREW WILHELM(CERTIFIED LAW STUDENT)
  ASHLEY COOK (CERTIFIED LAW STUDENT)


By:    s/Jeremy B. Rosen
                    Jeremy B. Rosen

Pro Bono Attorneys for Appellant
**ZINA BUTLER**

28

## CERTIFICATION OF COMPLIANCE WITH
## TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS,
## AND TYPE STYLE REQUIREMENTS
## [FED R. APP. P. 32(a)(7)(C)]

☒ 1.  This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    ☒    this brief contains 6,989 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or

    ☐    this brief uses monospaced typeface and contains [state the number of] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

☒ 2.  This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    ☒    this brief has been prepared in a proportionally spaced typeface using MS-Word in 14-point Century Schoolbook font type, or

    ☐    this brief has been prepared in a monospaced typeface using [state name and version of word processing program] with [state number of characters per inch and name of type style].

February 6, 2014
_____
Date

s/Jeremy B. Rosen
_____
***ATTORNEY NAME***

29

## CERTIFICATE OF SERVICE

I hereby certify that on February 6, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

I further certify that one or more of the participants in the case are not registered CM/ECF users. I have mailed the foregoing document by First-Class Mail, postage prepaid, or have dispatched it to a third party commercial carrier for delivery within 3 calendar days to the following non-CM/ECF participant:

Melissa Marie Thom
Younger & Associates
10681 Foothill Boulevard, Suite 280
Rancho Cucamonga, CA  91730
(Counsel for Defendant: National Community Renaissance
of California aka National Community Renaissance Corp.)

Signature: s/ Jeremy B. Rosen